IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Michael Mayo (20181127027), | ) | |
|         Plaintiff, | ) ) ) | Case No. 23 C 3471 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| Tom Dart, *et al.*, | ) ) ) | |
|         Defendants. | ) | |

## ORDER

The Court has reviewed Plaintiff's amended complaint [9] under 28 U.S.C. § 1915A, and it is dismissed for failure to state a federal claim, without prejudice to Plaintiff bringing any state-law claim he may have in an appropriate forum. The Clerk is directed to terminate all pending motions as moot [8] and enter final judgment. The Clerk is further directed to send Plaintiff a copy of this order.

## STATEMENT

Plaintiff Michael Mayo, an inmate at the Cook County Jail, brought this *pro se* lawsuit, purportedly under 42 U.S.C. § 1983, in connection with an incident that occurred on April 10, 2023, when Plaintiff was traveling from jail to court in a transport van. By order dated August 3, 2023 (Dkt. 7), the Court dismissed Plaintiff's complaint without prejudice for failure to state a federal claim. Plaintiff's amended complaint (Dkt. 9) is before the Court for initial review.

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

As noted above, Plaintiff initiated this lawsuit in connection with an incident that occurred on April 10, 2023, when he was traveling from jail to court in a transport van. The relevant allegations in the amended complaint are substantially similar to those in the original pleading.

Plaintiff alleges that Defendant jail officers Harney and John Doe did not "properly secure"

him in a wheelchair-accessible transport van on the day of the incident. (Dkt. 9 at pg. 8.) Plaintiff claims that he was also "blue-boxed" and shackled during the transport, and that his wheelchair "flipped over to the left" when the van made a turn at the Rolling Meadows exit. (*Id.* at pg. 9.) Plaintiff alleges that the Defendant officers continued to drive even though Plaintiff "scream[ed]" for help. (*Id.* at pgs. 9-10.) Plaintiff maintains that the officers were rushing throughout the transport and that the driver "took the turn for the Rolling Meadows exit to[o] fast[.]" (*Id.* at pgs. 9.)

This version of the complaint does not include any factual information about what happened when the transport van arrived at its destination,[1] but Plaintiff continues to allege that, at some point, he was sent to Cermak hospital for medical attention. (*Id.* at pg. 10.) Plaintiff claims that he suffered "injuries" from the incident and still experiences pain in his neck, left shoulder, and left wrist. (*Id.*)

The amended pleading names as Defendants Officers Harney and John Doe. (*Id.* at pg. 1.)

Plaintiff's amended complaint, like the original complaint, fails to state a claim and cannot proceed.

It is clear from the original and amended complaints that Plaintiff seeks to hold the Defendant officers liable in connection with the events that transpired aboard the jail transport van on April 10, 2023. But, as explained in the Court's prior order, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that he was deprived of a right secured by the Constitution or the laws of the United States and that the deprivation occurred at the hands of a person acting under the color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). No action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Waubanascum v. Shawano County*, 416 F.3d 658, 670–71 (7th Cir. 2005). Neither negligence nor gross negligence provides a basis for liability under § 1983. *Id.*; *see Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012) (collecting cases). Further, Plaintiff cannot pursue a state-law negligence claim in this Court absent a basis for federal jurisdiction.[2]

As discussed in the Court's prior order, incarcerated persons do not have a constitutional right to a seat belt during transport, nor do the other conditions described by Plaintiff during his transport cause constitutional concerns. *See Thompson v. Bukowski*, No. 21-2814, 2023 WL 154962, at *3 (7th Cir. Jan. 11, 2023) (collecting cases); *Dale v. Agresta*, 771 F. App'x. 659, 661 (7th Cir. 2019) (explaining that "neither the Supreme Court nor this court has ruled that transporting an inmate without a seatbelt creates an intolerable risk of harm[]" and observing that "other circuits have concluded that, without reckless driving or other exacerbating circumstances,

---

[1] In the original complaint, Plaintiff alleged that the Defendant officers got out of the van and "tried to help [him][.]" (Dkt. 1 at pg. 9.) He also claimed that "it took the officers awhile to up-right the wheelchair and unshackle [him]." (*Id.*) Plaintiff has omitted these particular allegations from the amended pleading.

[2] This case is being brought by a county inmate against Cook County Jail officials, such that there is no reason for the Court to believe that diversity jurisdiction exists, *see* 28 U.S.C. § 1332, and Plaintiff has alleged no facts suggesting otherwise.

2

failing to seat-belt a shackled inmate does not pose a substantial risk of serious harm."); *Stewart v. Frank*, No. 09-C-0132, 2009 WL 1628874, at *2 (E.D. Wis. June 10, 2009) (dismissing complaint upon initial review as "no matter how serious plaintiff's injuries arising out of the car accident were," an inmate's claim that the driver of an inmate transport vehicle was negligent do not state a claim under section 1983).

In this version of the complaint, Plaintiff goes to some length to explain that the Defendant officers were in a hurry and "rushing" to transport him to court on the day of the incident. (*See* Dkt. 9 at pgs. 8-10.) These additional factual allegations, however, do not change the Court's analysis and/or elevate his claim to one of constitutional magnitude. There is nothing to suggest that the officers' conduct throughout the transport was intended to harm Plaintiff (or, specifically, that the driver of the vehicle drove in a reckless manner). The fact that the driver of the van simply "took the turn for the Rolling Meadows exit to[o] fast" at the particular time he was exiting the highway does not convert negligent conduct into a constitutional violation.[3] *See, e.g., Hill v. Shobe*, 93 F.3d 418, 421-422 (7th Cir. 1996) ("[a]llegations of a public official driving too fast for the road conditions are grounded in negligence"). This means that Plaintiff may not proceed against the Defendant officers under section 1983 in connection with the events that occurred during the April 10, 2023, transport.

As a final matter, and for the sake of completeness, the Court notes that Plaintiff may still be attempting to raise a stand-alone medical claim (although he has dropped the allegations about the officers' conduct once the transport van reached its destination). To the extent he is, he has failed to do so. As explained in the Court's prior order, to state a medical claim, Plaintiff must allege facts indicating that he faced a serious medical condition, and jail officials made purposeful, knowing, or possibly reckless (as opposed to negligent) decisions to respond to that risk in a manner that was objectively unreasonable under the circumstances. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Plaintiff's vaguely-worded allegations that he suffered "pain" and "injuries" after the incident and, at some point, was taken to Cermak (where he received medical attention) do not suggest that the named Defendants (the two officers involved in transporting Plaintiff from jail to court) acted in an objectively unreasonable manner with respect to Plaintiff's serious medical needs.

Plaintiff was already given an opportunity to amend, and it appears that he has set forth his best case. The Court therefore concludes that further amendment would be futile. Plaintiff's amended complaint is dismissed for failure to state a federal claim, without prejudice to Plaintiff bringing any state-law claim he may have in the appropriate forum.

---

[3] The Court observes that Plaintiff's assertions throughout the amended complaint that Defendants were "rushing" on the day of the incident and that the driver of the van took the turn for the exit "to[o] fast" are statements that are largely conclusory in nature. That is, Plaintiff never describes the overall timeframe and/or the speed the van was allegedly traveling (either on its own or in comparison to other vehicles on the road), nor does he describe the driver of the van having to break in a sudden or abrupt manner in order to accommodate the exit on account of any excessive speed or erratic manner of driving.

  Final judgment shall enter. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If Plaintiff accumulates three dismissals under 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). If Plaintiff seeks leave to proceed in forma pauperis on appeal, he must file a motion for leave to proceed in forma pauperis in this Court. *See* Fed. R. App. P. 24(a)(1).

Date: 10/6/2023          /s/ John J. Tharp, Jr.
                    John J. Tharp, Jr.
                    United States District Judge